UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.

AVERY CHATMAN,

        Defendant.
_____/

Case No. 1:04-CR-126

Hon. Richard Alan Enslen

**OPINION**

    Defendant Avery Chatman has moved to set aside or vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. Plaintiff United States of America has timely answered the Motion. Upon review of the papers filed, the Court determines that the Motion may be resolved without evidentiary hearing or oral argument consistent with Rule 8(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**BACKGROUND**

    Defendant pled guilty to the offense of unlawful possession of a firearm by a felon on August 11, 2004. In connection with the plea, Defendant approved a plea agreement that admitted the elements of the offense. Defendant's guilty plea was accepted by the Court as uncoerced, knowingly and voluntarily made, and as supported by a sufficient factual basis. Defendant was then sentenced on January 20, 2005 to a term of 68 months. At the time, the Court was aware of its new-found flexibility under *United States v. Booker*, 125 S. Ct. 738 (Jan. 12, 2005), and the sentence imposed represented a considered judgment given the factors pertinent to sentencing under 28 U.S.C. § 3553(a). The 68-month sentence was within the advisory guideline range (which was computed at 57 to 71 months). During sentencing, the Court granted one defense objection to the guideline scoring

(concerning use of the firearm), but overruled a second defense objection concerning a prior escape offense.  Defendant's Judgment of Sentence issued on January 27, 2005.

Defendant failed to timely appeal his sentence.  He filed a Motion to Appoint Counsel and Motion for Leave to File a Delayed Appeal on or about June 8, 2005.[1]  The Motion was denied on June 20, 2005 as inconsistent with Rule 4(b)(1) of the Federal Rules of Appellate Procedure.

Defendant then filed the instant section 2255 Motion on or about June 25, 2005.[2]  The original version of the section 2255 Motion asserts a single issue–whether defense counsel was ineffective in disregarding Defendant's instruction to file an appeal.  The United States has timely answered the Motion.  Defendant has also been granted multiple extensions to reply.[3]

After the Motion's filing, Defendant also filed a Motion to Amend pursuant to Federal Rule of Civil Procedure 15(a).  The Motion to Amend seeks to include one additional issue (concerning counsel's alleged failure to review the pre-sentence investigation report with Defendant) and to include reference to an additional statement of facts and references to unsigned affidavits concerning Defendant's failure to appeal ground.  The Motion will be granted for the purpose of allowing full review of the two issues asserted.  *See* Fed. R. Civ. P. 15(a); *Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998).

---

[1] This is the date of the signature on the Motion.  It was duly received and filed by the Clerk on June 13, 2005.

[2] This is the date of the signature on the Motion.  It was duly received and filed by the Clerk on July 8, 2005.

[3] Despite the multiple extensions, Defendant has failed to timely reply.

**LEGAL STANDARDS**

The Sixth Circuit Court of Appeals' decision in *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) summarized the basic legal standards for relief under section 2255 as follows:

> To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-638, 113 S.Ct. 1710, 1721-1722, 123 L.Ed.2d 353 (1993). To prevail on a § 2255 motion alleging non-constitutional error, the petitioner must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citing *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)).

*Id*. Technical violations of the sentencing guidelines do not warrant relief under the statute. *See Grant v. United States*, 72 F.3d 503, 505-06 (6th Cir. 1996) (holding that a guideline calculation dispute was not a "constitutional error" warranting relief under section 2255).

Furthermore, relief under section 2255 is not intended to do service for an appeal. *United States v. Timmreck*, 441 U.S. 780, 784 (1979). A movant must ordinarily show "cause" for failure to raise the issue on direct appeal and "actual prejudice" resulting from the error. *Murr v. United States*, 200 F.3d 895, 900 (6th Cir. 2000) (citing *United States v. Frady*, 456 U.S. 152, 164-67 (1982)). *See also Maupin v. Smith*, 785 F.3d 139 (6th Cir. 1986); *Gonzales v. Elo*, 233 F.3d 348, 353 (6th Cir. 2000); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

Under certain circumstances, constitutionally ineffective assistance of counsel may constitute both a violation of Defendant's Sixth Amendment rights and "cause" for the failure to raise issues on direct appeal. Under *Strickland v. Washington*, 466 U.S. 668 (1984), to establish ineffective assistance of counsel, the movant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Id.* at 687. In gauging counsel's performance, the Supreme Court emphasized that,

3

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to secondguess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

*Id.* at 689 (citations omitted). In determining prejudice, the courts are to determine whether, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

One exception to the rule requiring a showing of prejudice relates to the failure of defense counsel to affect an appeal. When a criminal defendant's Sixth Amendment right to appeal has been violated by counsel ignoring an express instruction to appeal, that failure constitutes a sufficient showing of "cause" and no showing of prejudice is required since prejudice is presumed even if the appeal issue is legally frivolous. *Roe v. Flores-Ortega*, 528 U.S. 470, 477, 483-84 (2000).

## LEGAL ANALYSIS

### 1. Consultation Regarding Pre-Sentence Investigation Report

Defendant has claimed ineffective assistance of counsel as to defense counsel's failure to consult with him regarding the Pre-Sentence Investigation Report in advance of sentencing. Defendant's claim of lack of consultation is contradicted by defense counsel's persuasive affidavit–which shows that consultation was made prior to sentencing. Indeed, the sentencing hearing illustrated that defense counsel had prepared his objections well (with the apparent help of Defendant)

and he prevailed as to one objection. Defendant has failed to allege how the lack of consultation prejudiced him or otherwise influenced the outcome of the sentencing hearing. As such, Defendant cannot make the requisite showing under *Strickland*.

### 2. Failure to File Notice of Appeal

Defendant has alleged in his Motion and supporting papers that defense counsel disregarded his express instruction to appeal the sentence (which instruction was allegedly made at a meeting following the sentencing hearing). Defendant attempts to buttress this argument by a series of unsigned affidavits in the names of his relatives. These unsigned documents prove nothing and must be disregarded. *See Burket v. Angelone*, 208 F.3d 172, 186 (4th Cir. 2000); *Byrne v. Butler*, 845 F.2d 501, 509 n.8 (5th Cir. 1988). However, even if the documents are considered, the factual claim that Defendant is making is clearly false. Defense counsel met with Defendant after sentencing, just after acknowledging receipt of the notice of appeal documents. (*See* Sentencing Tr. at 62-63.) Defense counsel was then prepared to appeal on Defendant's behalf, but awaited instructions from Defendant who was considering the cost of the appeal and his dim prospects. Defense counsel was not instructed to appeal even though he expressly warned Defendant about the time for appeal. (Aff. of David Merchant ¶ 14.) Defendant's family members did not contact defense counsel about an appeal until after the time for appeal had elapsed. (*Id.* at ¶ 17.) The statements of defense counsel are reliable–especially since he is an attorney who, in the Court's experience, routinely appeals criminal cases and is aware of the procedures for requesting public payment on behalf of indigent defendants when those procedures become relevant.[4] Furthermore, there would have been little purpose in the

---

[4] According to the Sixth Circuit's docket information, attorney David A. Merchant was involved in at least 17 appeals before the Sixth Circuit Court of Appeals between 2001 and 2005.

contemplated appeal given the dim prospects for relief. *See Cummings v. United States*, 84 Fed. Appx. 603, 605 (6th Cir. Dec. 15, 2003) (determining district court properly credited counsel's affidavit denying that an appeal was requested when such appeal was unviable). Defendant decided too late to appeal. No Constitutional relief is warranted.

### **CERTIFICATE OF APPEALABILITY**

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to grant the issuance of a certificate of appealability to Defendant. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (holding that § 2253 analysis may be done at the time the claim for relief is determined). Under the statute and the United States Supreme Court's determinations in *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000) and *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983), a certificate is to be issued if the resolution of the petition is debatable among reasonable jurists or otherwise adequate to deserve encouragement. Upon review of the two grounds asserted, the Court determines that this standard is met as to the instruction to appeal issue (given that prejudice need not be shown as to this issue), but is not met as to the pre-sentence report consultation issue (given the absence of any claim of prejudice). Therefore, a certificate of appealability will be issued limited to the appeal issue.

### **CONCLUSION**

For the reasons given, a Final Order shall enter denying the section 2255 Motion, but granting a certificate of appealability limited to the failure to appeal issue.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>December 2, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |