UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

        Plaintiff,

Case No. 1:04-CR-126

v.

Hon. Richard Alan Enslen

AVERY CHATMAN,

**ORDER**

        Defendant.
_____/

      Defendant Avery Chatman has requested, by letter sent some 30 days after the denial of his motion under 28 U.S.C. § 2255, that "my rights be preserved [under] *U.S v. Booker* . . . ."[1] It is unclear from the letter whether he intends to move under Federal Rule of Civil Procedure 60 for relief from the Final Order of December 2, 2005, or rather he intends to seek leave to amend his § 2255 motion under Rule 15 after the denial of it.

      Regardless, the motion must be denied. Defendant Chatman was sentenced after the holding in *United States v. Booker*, 125 S. Ct. 738 (U.S. 2005). During sentencing, the Court appreciated the *Booker* holding that the sentencing guidelines are advisory and told the Defendant so repeatedly. (Sentencing Tr. 4, 42.) Defense counsel also made arguments based upon *Booker*. (*Id.* at 46-47.) The sentence was appropriate in light of *Booker* and no relief is now warranted.

      **THEREFORE, IT IS HEREBY ORDERED** that Defendant Avery Chatman's *pro se* letter motion (Dkt. No. 50) is **DENIED**.

DATED in Kalamazoo, MI:
     January 12, 2006

       /s/ Richard Alan Enslen
      RICHARD ALAN ENSLEN
      SENIOR UNITED STATES DISTRICT JUDGE

---

    [1]Defendant's letter also refers to *Dodd v. United States*, 125 S. Ct. 2478 (2005), which case relates solely to the running of the one-year AEDPA limitation period.